

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. R. E. McElrath       Opinion No. O-2734
County Auditor          Re:  County Auditor's duties
Gainesville, Texas           respecting school ledger.

Dear Sir:

In your letter of September 10, 1940, you request our opinion in response to the following questions:

"(1)  Does the County Auditor have any authority or supervision over the (a) School Funds of Cooke County or (b) Schools of said County?

"(2)  Is the County Auditor of Cooke County required to keep the school ledger referred to in Art. 1652?

"(3)  If answer to No. 1 is 'no' and answer to No. 2 is 'yes', then please advise by what authority and from what source is Auditor to get the necessary information to keep the record?

"(4)  Is the County School Superintendent of Cooke County required to keep the Ledger mentioned in Art. 1652, or its equivalent?

"(5) Is the school depository bank of Cooke County required to keep the ledger mentioned in Art. 1652, or its equivalent?

"(6)  If such school ledger is required to be kept by either the Auditor or Superintendent or Depository bank, from what funds shall the cost thereof be taken; that is, County or School Funds; and if school funds,

"(7)  Is the cost of said Ledger required to be paid out of expense money for the office of the County Superintendent as provided for in Art. 2700, Id."

We enclose herewith a copy of our opinion No. O-1063 which we believe will sufficiently answer your first question.

Article 1652, Revised Civil Statutes, reads as follows:

"The auditor shall install in his office a school ledger showing an accurate account of all funds received and disbursed by the common school districts of his county; a bond register showing all the school bonds issued by the common school districts of his county, their rate of interest, date issued and maturity date; and he shall also keep an interest and sinking fund account of such school bonds."

The above statute, worded a little differently, originally appeared as Article 1467a, in H.B. 526, Ch. 134, p. 337, Acts 35th Legislature, 1917, which we copy:

"It shall be the duty of the auditor to install in his office, a school ledger and keep in this ledger an accurate account of all funds received and all funds disbursed by the common school districts of his county. He shall also install in his office, a bond register showing all the school bonds issued by the common schools of his county, the rate of interest they bear, the date they were issued, the date they are to be paid, and he shall also keep an interest and sinking fund account of school bonds of each common school district of his county."

From the original act is is quite apparent that the Legislature intended, not only that the ledger should be installed in the auditor's office, but that he should keep in the ledger an accurate account of receipts and disbursements by the common school districts. We do not believe the meaning of the act has been changed by the slightly different wording of the statute as it now stands, evidently the work of the codifiers. Hence the answer to your second question is an affirmative one.

Article 1653, Revised Civil Statutes, reads:

"He shall have continual access to and shall examine all the books, accounts, reports, vouchers and other records of any officer, the orders of the commissioners court, relating to finances of the county, and all vouchers given by the trustee of all common school districts of the county and shall inquire into the correctness of same."

This article is the 1925 codification of Article 1468, Revised Civil Statutes of 1911; and the amendment thereto by the 35th Legislature in the above H.B. 526. Art. 1468, R.C.S. of 1911, provided:

"He shall have continual access to, and shall examine, all the books, accounts, reports, vouchers and other records

Hon. R. E. McElrath, page 3

of any of the officers, and also the orders of the commissioners' court relating to the finances of the county."

The amended Article 1468 appearing in H.B. 526 read as follows:

"Access to and right to examine accounts, orders of commissioners' courts, all vouchers given by trustees of common school districts. He shall have continual access to and shall examine all the books, accounts, reports, vouchers and other records of any of the officers, the orders of the commissioners' court, relating to finances of the county and also to examine all vouchers given by the trustee of all common school districts of the county and to inquire into the correctness of same."

The 1911 statute was in the exact wording of the original act. Sec. 6 of S.B. 258, Ch. 161, p. 381, General and Special Laws, 29th Legislature, 1905. It is apparent that in the original enactment, and as appearing in the 1911 statutes, the term "relating to the finances of the county" referred to "the orders of the commissioners' court." In dropping the first sentence from Article 1468, as the same appeared in H.B. 526, the 1925 codifiers evidently did not intend, and in adopting the codification the Legislature did not intend to change the meaning thereof in such a way as to deny to the auditor access to books, accounts and other records kept by any county officer pertaining to receipts and disbursements of common school districts. It is our opinion that the term "relating to finances of the county" is still merely a descriptive term applicable to "the orders of the commissioners court" and does not limit the auditor in his access to books and accounts to those pertaining to county finances, and forbid his access to books and accounts having to do with receipts and disbursements of common school districts. This is particularly apparent in view of the duties cast by Article 1652 upon the auditor. The answer to your third question is that the auditor has access to and authority to examine all the books, accounts, reports, vouchers and other records of all county officers, and he may examine all vouchers given by trustees of common school districts. Details for such examination may doubtless be worked out between the auditor and such officers.

Since the ledger mentioned in Art. 1652 must be kept by the auditor it follows that it is not to be kept by the superintendent or depository, answering your fourth and fifth questions. They will, of course, keep proper records of any financial transactions passing through them.

Article 1650, Revised Civil Statutes, requires the auditor to "provide himself with all necessary ledgers, books, records, blanks and stationery at the county's expense." We think the term "county's expense" precludes the purchase of any such books at the expense of the school funds. For, such school funds are actually state funds. Houston Nat'l. Exchange Bank vs. School Dist., 185 S.W. 589; Webb County vs. School Trustees, 95 Tex. 131, 65 S.W. 878. Answering your sixth question, the school ledger should be purchased from county funds. This also requires a negative answer to your seventh question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

APPROVED SEP 23, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

GRL:AMM:wb